IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. _____ ) |
| MARCELLA L. DAVIS, BILLY C. BAILEY, And ELISSA JULENE HASSEL, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER

Comes now the Plaintiff, Reassure America Life Insurance Company ("Reassure"), pursuant to Rule 22 of the Federal Rules of Civil Procedure and/or 28 U.S.C. § 1335, and by way of a Complaint for Interpleader, states as follows:

### I. PARTIES

1. Plaintiff Reassure is an insurance company incorporated under the laws of the State of Indiana with its principal place of business in Fort Wayne, Indiana.

2. Upon information and belief, Defendant Marcella L. Davis is a citizen and resident of Davidson County, Tennessee, residing at 705 Knightsbridge Way, Antioch, Tennessee 37013. Marcella L. Davis is the ex-wife of Royce C. Bailey, deceased, and goes by the first name "Marcie".

3. Upon information and belief, Defendant Billy C. Bailey is a citizen and resident of New Castle County, Delaware, residing at 1835 Saw Mill Drive, Wilmington, Delaware 19810. Billy C. Bailey is the father of Royce C. Bailey, deceased.

4. Upon information and belief, Defendant Elissa Julene Hassel is a citizen and resident of New Castle County, Delaware, residing at 1835 Saw Mill Drive, Wilmington, Delaware 19810. Elissa Julene Hassel is the sister of Royce C. Bailey, deceased.

## II. JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this civil action of interpleader pursuant to 28 U.S.C. § 1335 for the following reasons: (a) the life insurance proceeds at issue have a value in excess of $500; (b) two or more adverse claimants of diverse citizenship are claiming to be entitled to the life insurance proceeds; (c) Reassure is prepared to deposit the full amount of the life insurance proceeds at issue into the Registry of the Court, there to abide the judgment of the Court, and to assign and hold any remaining proceeds for the benefit of the Defendant ultimately determined by this Court to be entitled to such proceeds.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because this is an action in interpleader under 28 U.S.C. § 1335 and one of the claimants (Defendants) resides in the State of Tennessee and in this judicial district.

## III. FACTUAL ALLEGATIONS

7. On April 1, 1999, Reassure (formerly Royal Maccabees Life Insurance Company) issued a life insurance policy, policy No. 04153086 (the "Policy"), in the face amount of $100,000 to insure the life of Royce C. Bailey. A copy of the Policy is attached hereto as Exhibit A.

8. At the time of his death, the decedent, Royce C. Bailey, had premium due on the Policy of $1,283.24, thereby reducing the death benefit from $100,000 to $98,716.76.

9. The original application for the Policy states the originally-named primary beneficiaries as Marcie L. Davis, fiancé – 20%; Elissa J. Taliancich, sister – 60%, and Billy C. Bailey, father – 20%. A copy of the application is attached hereto as Exhibit B.

10. Subsequently, on or about May 4, 2000, Royce C. Bailey submitted a handwritten request to change his beneficiaries' interests in the Policy proceeds to Marcie L. Davis – 60%; Elissa J. Taliancich – 30%, and Billy C. Bailey – 10%. A copy of the handwritten request is attached hereto as Exhibit C.

11. Then, on or about July 21, 2000, Royce C. Bailey completed a Change of Beneficiary form, changing the primary beneficiary to Marcie Bailey, wife – 100% and the secondary or contingent beneficiaries to Rachel L. Davis, stepdaughter – 50% and Brendon C. Davis, stepson – 50%. A copy of the Change of Beneficiary form is attached hereto as Exhibit D.

12. Upon information and belief, prior to Royce C. Bailey's death, he and Marcella L. Davis were divorced by Final Decree of Divorce entered on or about November 14, 2006.

13. On or about August 9, 2009, Royce C. Bailey died.

14. On or about January 19, 2010, Reassure received a letter from Billy C. Bailey, disputing that Marcella L. Davis and/or her children were entitled to the Policy proceeds and claiming entitlement to the Policy proceeds. In the letter, Billy C. Bailey contends that Royce C. Bailey had understood that as a result of his divorce, Marcella L. Davis' interest (and that of her children) in the Policy was nullified. A copy of Billy C. Bailey's letter is attached hereto as Exhibit E.

17. On or about January 22, 2010, Reassure received a letter from Elissa Julene Hassel, disputing that Marcella L. Davis and/or her children were entitled to the Policy proceeds

3

and claiming entitlement to the Policy proceeds. In the letter, Elissa Julene Hassel contends that Royce C. Bailey had understood that as a result of his divorce, Marcella L. Davis' interest (and that of her children) in the Policy was nullified and that it would automatically be given to Royce C. Bailey's blood relatives. A copy of Elissa Julene Hassel's letter is attached hereto as Exhibit F.

18. On January 25, 2010, Reassure received a letter from Robert Scott Schlageter, claiming to be a friend and business partner of Royce C. Bailey and disputing that Marcella L. Davis and/or her children were entitled to the Policy proceeds. Mr. Schlageter stated that Royce C. Bailey had explained to him that his divorce nullified his ex-wife as the beneficiary and that his (Royce's) father would receive the Policy proceeds as next of kin if Royce died. A copy of Robert Scott Schlageter's letter is attached hereto as Exhibit G.

15. Reassure also received a Claimant's Statement from Billy C. Bailey and Elissa Julene Hassel in February 2010, wherein they claimed entitlement to the Policy proceeds. A copy of their joint Claimants' Statement is attached hereto as Exhibit H.

14. Reassure received a Claimant's Statement from Marcella L. Davis dated February 24, 2010, wherein she claimed entitlement to the Policy proceeds. A copy of Marcella L. Davis' Claimant's Statement is attached hereto as Exhibit I.

19. Both Marcella L. Davis and Billy C. Bailey have retained counsel to represent them concerning their disputed entitlement to the Policy proceeds. Copies of correspondence from their respective counsel to Reassure are attached hereto as Exhibits J and K.

## IV. INTERPLEADER

20. The allegations of Paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

21. Upon information and belief, Marcella L. Davis, Billy C. Bailey, and Elissa Julene Hassel all dispute the appropriate distribution of the entirety of the Policy proceeds and each still claims that s/he is entitled to the proceeds of the Policy.

22. By reason of these potentially conflicting claims of the Defendants, it is not known which party has the prevailing claim to the Policy proceeds.

23. Reassure is a disinterested party with respect to the distribution of the Policy proceeds.

24. The maximum amount for which Reassure can be liable under the Policy is $98,716.76, plus interest pursuant to T.C.A. § 56-7-315.

25. Reassure admits that it owes the beneficiary or beneficiaries of the Policy a sum not to exceed $98,716.76, plus interest pursuant to T.C.A. § 56-7-315.

26. Reassure cannot currently make any payment under the Policy to any of the Defendants for fear of being exposed to double or multiple liability, but it stands ready to tender the amount of $98,716.76, plus statutory interest, to the Court pursuant to Rule 22 of the Federal Rules of Civil Procedure.

WHEREFORE, Reassure prays:

A. That proper process issue and be served upon the Defendants, requiring them to answer this Complaint;

B. That the Court restrain and enjoin the Defendants from instituting any action against Reassure for the recovery of the Policy proceeds, in whole or in part;

C. That Defendants be required to interplead and settle their claims among themselves;

5

D. That, pursuant to Rule 22 of the Federal Rules of Civil Procedure and T.C.A. § 56-7-315, Reassure be allowed to deposit the sum of $98,716.76 plus interest with the Court, and thereafter be dismissed from this action with prejudice;

E. That Reassure recover its attorneys' fees and expenses related to this action;

F. For any other relief to which Reassure is entitled.

Respectfully submitted,

*Jody E. O'Brien*
Jody E. O'Brien (BPR 21623)
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
(615) 742-7750
*Counsel for Petitioner*
*Reassure America Life Insurance Company*